J. Mark Chevallier, Esq.
State Bar No. 04189170
MCGUIRE, CRADDOCK & STROTHER, P.C.
2501 North Harwood, Suite 1800
Dallas, Texas 75201
Telephone: (214) 954-6800
Facsimile: (214) 954-6850
Email: mchevallier@mcslaw.com

Hugh M. McDonald, Esq. (admission pending)
Keith C. Nusbaum, Esq. (admission pending)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

Co-counsel for Commerzbank AG, ABN AMRO Inc.,
Australia and New Zealand Banking Group Limited,
Barclays Bank PLC, BNP Paribas, Credit Lyonnais, Danske
Bank A/S, ING Bank, Intesa San Paolo (formerly known as Banca Intesa),
and The Royal Bank of Scotland PLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| MC ASSET RECOVERY, LLC, as successor in interest to and as representative of Mirant Corporation, *et al.*,<br><br>                             Plaintiff,<br>      v.<br><br>COMMERZBANK AG, *et al.*,<br>                             Defendants | ACTION NO. 4:06-CV-013-Y |
| MIRANT CORPORATION,<br>                             Appellant<br>      v.<br><br>COMMERZBANK AG, *et al.*,<br>                             Appellees | ACTION NO. 4:10-CV-614-Y |

**DEFENDANTS/APPELLEES' RESPONSE
TO ORDER REGARDING POSSIBLE CONSOLIDATION**

**PRELIMINARY STATEMENT**

Commerzbank AG and the Lender Defendants and Appellees in the above-captioned matters (collectively, the "Lenders")[1] submit this Response to the Court's Order of September 23, 2010 (the "Order") concerning possible consolidation of *MC Asset Recovery, LLC v. Commerzbank AG*, No. 4:06-CV-013-Y (the "Objections Action") and *Mirant Corp. v. Commerzbank AG*, No. 4:10-CV-614-Y (the "Appellate Action"). The Lenders oppose consolidation because the Objections Action and the Appellate Action, while both rooted in the same underlying bankruptcy action, are procedurally and factually dissimilar making consolidation impracticable. The Objections Action is the culmination of numerous briefs, thousands of pages of documents production, and over a dozen depositions over almost a three-year period. The Bankruptcy Court has painstakingly reviewed the parties' submissions and issued a comprehensive recommendation. The Court is now tasked with reviewing that recommendation, the parties' objections and responses, and the extensive record that has been amassed to decide the Lenders' motion to dismiss.

The Appellate Action, however, is merely a procedural aside to the underlying case dealing with Mirant's untimely and unnecessary request to intervene and object to one point in the Proposed Findings (defined herein). This appeal has no effect on the merits of the Proposed Finding and is simply a tactical maneuver by Mirant that does not raise any issue presented in the Objections Action. Accordingly, the Court should not consolidate the two actions.

**ANALYSIS**

The Lenders oppose the consolidation of the Objections Action and the Appellate Action because (i) the Appellate Action only relates to Mirant's right to intervene in the underlying case not the underlying merits of the Bankruptcy Court's Proposed Findings of Fact and Conclusions

---

[1] The Defendants and Appellees in these matters are Commerzbank AG, ABN AMRO Inc., Australia and New Zealand Banking Group Limited, Barclays Bank PLC, BNP Paribas, Credit Lyonnais, Danske Bank A/S, ING Bank, Intesa San Paolo (formerly known as Banca Intesa), and The Royal Bank of Scotland PLC.

of Law (the "Proposed Findings"); (ii) a consolidation of the Objection Action and Appellate Action would be a de facto grant of Mirant's appeal; (iii) Mirant's appeal lacks any merit; and (iv) Mirant's appeal is moot as the time to file objections has passed without Mirant requesting a stay.  Each argument will be discussed in turn.

**1.      The Appellate Action Only Relates to Mirant's Right to Intervene**

The Court indicates in its Order that "[b]ecause the issues raised in New Mirant's appeal concern the propriety of the bankruptcy court's findings and conclusions, it seems the appeal should be consolidated into the action reviewing the bankruptcy court's findings and conclusions." While both the Objections Action and the Appellate Action relate to the proceedings before the Bankruptcy Court and despite Mirant's attempt to present the merits of its Bankruptcy Code Section 502(h) argument to the Court in its appellate brief, the only question at issue in Mirant's appeal is whether the Bankruptcy Court should have permitted Mirant to object to the Proposed Findings.  This limited issue of Mirant's intervention is the only question in the Appellate Action.  Indeed, Mirant's opening appellate brief states that there is only one issue before the Court -- "Did the Bankruptcy Court err in denying New Mirant's request for intervention as a matter of right on the grounds that New Mirant's interests are already adequately represented by MCAR?"  (Mirant App. Br. at 4, Case No. 4:10-cv-00614-Y**,** Dkt. No. 9.) Conversely, the underlying objections to the Proposed Findings address almost three years of discovery and briefing on approximately ten legal issues.  Thus, Mirant's appeal actually does not "concern the propriety of the bankruptcy Court's finding and conclusions" and the Court should not consolidate the two actions.

## 2. Consolidation of the Objections Action and the Appellate Action Would Be a De Facto Granting of Mirant's Appeal

As explained above, the Appellate Action only relates to the Bankruptcy Court's denial of Mirant's request to intervene and file an objection to the Proposed Findings, while the merits of the Section 502(h) issue are only before this Court as part of the Objections Action. As such, consolidation of the Objections Action and Appellate Action would essentially allow Mirant into the Objections Action, permitting Mirant to argue the merits of the Proposed Findings despite the Bankruptcy Court's refusal to permit Mirant to intervene in the underlying case. Such a result would in effect result in the Court granting the relief sought in Mirant's appeal without oral argument or a review of the merits of Mirant's position.

As noted above, Mirant's improper attempt to address the merits of the Section 502(h) issue in its appellate brief does not create a procedural similarity between the Objections Action and the Appellate Action. The end result of each action will have no effect on the other. Accordingly, the Lenders should be permitted to defend the merits of Mirant's appeal in the Appellate Action without consolidation.

## 3. Mirant's Appeal Lacks Any Merit

As discussed in detail in the Lenders' appellate brief (Case No. 4:10-cv-00614-Y, Dkt. No. 13), Mirant's appeal lacks any merit. Consolidation of the appeal with the Objections Action is therefore unwarranted.

The Bankruptcy Court denied Mirant's motion to intervene finding that Mirant failed to satisfy the requirements of Fed. R. Civ. P. 24 that Mirant's rights were not adequately represented by an existing party, specifically MC Asset Recovery LLC ("MCAR"). The Bankruptcy Court held that Mirant had relied on MCAR's representation of Mirant's rights since

Mirant's withdrawal from the bankruptcy action in February 2006 and that Mirant's interests were sufficiently aligned with those of MCAR such that intervention was unnecessary.

In its appeal to this Court, it is abundantly clear that Mirant's interests are aligned with those of MCAR and that MCAR more than adequately represented Mirant's rights. Mirant's appellate brief cites the very same cases for the same propositions that MCAR included in its objections. In fact, while Mirant merely spends three pages of briefing on Section 502(h), MCAR dedicated over 15 pages to this issue in its submissions to this Court. Moreover, Mirant has not presented any new arguments on this issue in any of its pleadings filed in either this Court or the Bankruptcy Court. Clearly, Mirant's interests were more than adequately represented by MCAR's objections.

Mirant relies on the premise that MCAR is only protecting the creditors while Mirant is protecting its shareholders from dilution. Fed. R. Civ. P. 24 does not require that the parties motivation be the same, so long as the parties ultimate interests in the outcome are aligned. Here, both Mirant and MCAR disagree with the Bankruptcy Court's findings with respect to Section 502(h). MCAR objects because the Bankruptcy Court's decision essentially dismisses their claims while Mirant objects because the decision has the potential to result in shareholder dilution.[2] It is reasonable, therefore, that the party whose interest is more affected, the effect on MCAR is definite whereas the effect on Mirant is speculative, has a greater interest in objecting to the Bankruptcy Court's findings.

---

[2] As set forth in the Lenders' appellate brief, it is unclear what shareholders are actually being protected from dilution as Mirant is merging with RRI Energy, cancelling the outstanding stock in Mirant and has made no provision in its merger documents to honor its Plan obligations.

**4.      Mirant's Appeal is Moot**

The Court is unable to grant any effective relief to Mirant and, thus, Mirant's appeal should be dismissed as moot, rendering any consolidation consideration moot as well. Mirant's appeal requests the Court reverse the Bankruptcy Court's denial of Mirant's intervention for the purpose of filing objections to the Proposed Findings pursuant to Fed. R. Bankr. P. 9033. Following the Bankruptcy Court's denial of Mirant's motion to intervene, Mirant filed this appeal pursuant to Fed. R. Bankr. P. 8001. In doing so, however, Mirant chose not to request a stay pursuant to Fed. R. Bankr. P. 8005 from either the Bankruptcy Court or this Court. As such, the Lenders and MCAR each filed their objections to the Proposed Orders and responses to those objections according to the time periods provided in Fed. R. Bankr. P. 9033 and the Bankruptcy Court's Order dated April 22, 2010 (Bankr. Dkt. No. 264).

Mirant is now, months later, requesting that this Court permit it to intervene and thereby go back and file additional objections and presumably respond to those objections already filed by MCAR and the Lenders. To permit such relief when Mirant chose not to request a stay of the deadlines for filing objections and responses would be unduly prejudicial to the Lenders. Accordingly, even if this Court were to decide that Mirant should have been permitted to intervene before the Bankruptcy Court, Mirant now has no remedy, and thus, its appeal is moot and should be dismissed.

**CONCLUSION**

For the reasons set forth in this Response, the Lenders respectfully oppose the consolidation of the Objections Action and the Appellate Action.

Dated: Dallas, Texas
October 6, 2010

        MCGUIRE, CRADDOCK & STROTHER, P.C.

        By:    /s/ J. Mark Chevallier
                J. Mark Chevallier

        State Bar No. 04189170
        2501 North Harwood, Suite 1800
        Dallas, Texas 75201
        Telephone: (214) 954-6800
        Facsimile: (214) 954-6850

        SNR DENTON US LLP

        Hugh M. McDonald (admission pending)
        Keith C. Nusbaum (admission pending)
        1221 Avenue of the Americas
        New York, New York 10020
        Telephone: (212) 768-6700
        Facsimile: (212) 768-6800

        *Co-counsel for Commerzbank AG, ABN AMRO Inc., Australia and New Zealand Banking Group Limited, Barclays Bank PLC, BNP Paribas, Credit Lyonnais, Danske Bank A/S, ING Bank, Intesa San Paolo (formerly known as Banca Intesa), and The Royal Bank of Scotland PLC*

**CERTIFICATE OF SERVICE**

  The undersigned does here certify that on this 6th day of October, 2010, a true and correct copy of the above and foregoing instrument was served via ECF and electronic mail on:

*Attorneys for MC Asset Recovery, LLC*
J. Robert Forshey, Esq.
Jeff P. Prostok, Esq.
Suzanne K. Rosen, Esq.
Forshey & Prostok LLP
777 Main Street, Suite 1290
Fort Worth, TX 76102

*Attorneys for Mirant Corporation*
Thomas E Lauria
State Bar No. 1199802
Craig H. Averch
State Bar No. 01451020
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Benjamin L. Mesches
State Bar No. 24032737
Ian T. Peck
State Bar No. 24013306
HAYNES AND BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

            By: /s/ J. Mark Chevallier
               J. Mark Chevallier