IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MC ASSET RECOVERY, LLC** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:06-CV-013-Y** |
| | § | |
| **COMMERZBANK AG, ET AL.** | § | |

### ORDER DENYING DEFENDANTS' MOTION FOR SANCTION [DOC. 198]

Pending before the Court is Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b) for Plaintiff's Contempt of Order Granting in Part and Denying in Part Defendants' Motion to Compel [doc. 198], filed February 25, 2015. Defendants, in their motion for sanctions, claim that MC Asset Recovery, LLC ("MCAR" or "Plaintiff")[1] has failed to comply with portions of the court's January 20, 2015 order in which the undersigned granted in part and denied in part Defendants' motion to compel. In the January 20, 2015 order, the Court, *inter alia*, stated:

> It is further **ORDERED** that Plaintiff, **no later than February 2, 2015**, shall provide the information and documents requested in connection with Topic Nos. 4, 6, 21, and 22 of the Amended 30(b)(6) Notice, subject to the parameters set forth above, and Plaintiff's objections to such requests are **OVERRULED**.

---

[1] During the energy market boom in 2000–2001, Mirant Corporation ("Mirant"), an energy company with its headquarters in Georgia, sought financing for a European expansion of its energy operations. To maximize tax benefits, a special purpose entity, Mirant Asset Development and Procurement B.V. ("MADP"), was created on behalf of Mirant that would own power islands involved in the expansion rather than Mirant having direct ownership over the power islands. In turn, on May 25, 2001, Mirant executed a guaranty on a loan ("the guaranty") made by Defendant Commerzbank AG ("Commerzbank") to MADP. After the guaranty was executed, Commerzbank and Mirant worked to syndicate the loan with various lenders. Mirant then filed bankruptcy in July 2003.

In 2005, Mirant, as debtor-in-possession, brought an action in bankruptcy court against Commerzbank and all lenders involved with the syndication in order to invalidate the guaranty. Plaintiff MCAR continued the action after Mirant's reorganization plan ("the Plan") was finalized.

(Court's January 20, 2014 Order [doc. 194] at 6 (emphasis in original).) Defendants state that Plaintiff produced the documents responsive to Topic 21 on February 2, 2015, as required by the Court's January 20, 2015 Order, but that Plaintiff failed to produce any documents responsive to Topics 4, 6, or 22. (Defendants' Motion for Sanctions ("Defs.' Mot.") at 3. Defendants claim that their counsel sent an email to Plaintiff's counsel on February 6, 2015, pointing out the lack of compliance with the Court's February 2, 2015 order and requesting such compliance. (Defs.' Mot. at 4.) Defendants further state:

> On February 11, 2015, counsel for MCAR responded to Defendants' February 6 email by producing some information responsive to Topic 22, but nothing further in response to Topic 21 and still nothing at all in response to Topics 4 and 6. In regard to the balance of the information responsive to Topic 21, MCAR stated: "...Mr. Holliday [Plaintiff's designated 30(b)(6) representative] continues to review his records dating back to 2006 to ensure an accurate total of what he has been paid as manager of [MCAR]." MCAR then goes on to say that the failure of MCAR to produce the balance of the responsive information is because much of the information is in the possession of NRG [Energy, Inc. ("NRG")], as successor to Mirant and that MCAR "continues to work with NRG in an effort to obtain this information for you and will forward to you what we receive immediately upon receipt." Appendix at p.21. MCAR does not explain what it is doing to "work" with NRG, nor does it provide any kind of timetable by which it would fully comply with the Court's 30(b)(6) Order.
>
> 9.     Not having heard anything further from MCAR's counsel following the February 11, 2015, email, on February 19, 2015, counsel for Defendants had a telephone conference with MCAR's counsel about the continuing failure to comply with the 30(b)(6) Order. MCAR advised that they continued to seek information from NRG, but MCAR could not say when or even if it is expected to get the information from NRG.

(Defs.' Mot. at 4.)

Defendants claim that NRG is the successor by merger to the reorganized Mirant, which emerged from Chapter 11 bankruptcy in 2006, and "has succeeded to all of Mirant's

2

rights and obligations pertaining to Mirant's Second Amended Plan of Reorganization." (Defs.' Mot. at 5.) Defendants argue that Mirant's Plan "expressly contemplated that Mirant, now NRG, would support the prosecution of the litigation claims assigned to MCAR pursuant to the Plan, including this litigation." (Defs.' Mot. at 5.) Defendants argue that the orders and other documentation agreed to in the bankruptcy process expressly state, in essence, that NRG will provide MCAR and its counsel reasonable access to records and documents in this litigation. (Defs.' Mot. at 5-6.) Because of MCAR's failures, Defendants request that the Court sanction Plaintiff and preclude Plaintiff "from offering any evidence . . . supporting its claims that there are creditors of Mirant, which were creditors of Mirant as of May 25, 2001, which remain unpaid." (Defs.' Mot. at 9.)

Plaintiff, in its response, claims that it has "produced to Defendants all documents in Plaintiff's possession, custody, and control." (Plaintiff's Response ("Pl.'s Resp.") at 1.) Plaintiff further states:

> Plaintiff further diligently sought to obtain responsive documents from non-party NRG Energy, Inc. As a result of Plaintiff's efforts, any responsive documents that could be located have been produced to Defendants. There simply are no grounds on which to impose sanctions against Plaintiff, and certainly not the inappropriate outcome-determinative sanctions requested by Defendants.

(Pl.'s Resp. at 1-2.) In addition, Plaintiff asserts:

> Since 2013, NRG has participated in this case by assisting in the coordination of depositions of former employees of the Debtors. NRG has also participated in depositions and the production of documents by Troutman Sanders LLP ("Troutman"), former counsel to the Debtors, and to assert claims of privilege on behalf of the Debtors. NRG has been represented in these efforts by Alston & Bird LLP ("Alston & Bird").

(Pl.'s Resp. at 4.) Plaintiff also claims:

3

> Subsequent to its receipt of the [Court's January 20, 2015] Order, MCAR located and produced by February 2, 2015, all documents in its possession, custody, and control. Appx. 263; 375; 420. MCAR also contacted NRG and requested the production of any documents in NRG's possession responsive to the Order. Following numerous telephone calls and email communications, MCAR ultimately was forced to issue a subpoena to NRG compelling the production of any documents responsive to the Order. In response, NRG served objections to the subpoena (the "NRG Objection"). The NRG Objection indicates responsive documents are being produced. As of the filing of this Response, all responsive documents in the possession of MCAR and that have been produced by NRG have been produced to Defendants. Appx. 237-260; 263-264; 376-416.

(Pl.'s Resp. at 7.)

In support of its claims, Plaintiff attaches the Declaration of Jeffrey R. Erler ("Erler"), counsel of record for MCAR. In the Declaration, Erler, *inter alia*, states:

> Following several weeks of being unable to obtain a commitment regarding what documents, if any, NRG would provide, as well as when such documents would be provided, MCAR proceeded to subpoena documents from NRG. Initially a subpoena was forwarded to Ms. Cazan, [counsel for NRG] who would not accept service on behalf of NRG. Accordingly, MCAR served NRG with subpoenas via both its home office and its Registered Agent.

(Appendix to Plaintiff's Response to Defendants' Motion for Sanctions ("Pl.'s App.") at 264.) In addition, Erler claims that MCAR has provided to Defendants all the documents it has received from NRG. (Pl.'s App. at 261-65.)

In their reply, Defendants claim, *inter alia*, that MCAR did not timely request the relevant information from NRG until February 4, 2015, two days after it was ordered to deliver the information. (Defendants' Reply ("Defs.' Reply") at 2-3.)

After carefully considering the motion and the parties' arguments, the Court finds that evidentiary sanctions are not warranted and Defendants' motion should be **DENIED**. It appears that MCAR has produced all responsive documents within its possession, custody, and

4

control, as well as all responsive documents it has received from NRG. Further, it appears that MCAR has shown reasonable efforts to obtain any additional documents from NRG, even to the point of having subpoenas issued for such documents, albeit a little late and so far unsuccessfully.[2] MCAR shall continue to take reasonable efforts to ensure its subpoenas are properly complied with.

Based on the foregoing, it is **ORDERED** that Defendants' Motion for Sanctions [doc. 198] is **DENIED**. If MCAR receives additional responsive documents from NRG, it shall immediately produce such documents to Defendants.

SIGNED June 10, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that it appears MCAR could have attempted to obtain documents from NRG that were responsive to the Court's January 20, 2015 order in a more timely manner and warns MCAR that it shall not engage in behavior that will further delay the progress of this case, which has been pending since 2006.